[Civ. No. 427. Third Appellate District.—November 7, 1908.]

## M. W. BURRELL, Appellant, v. J. D. COLLINS, Respondent.

ACTION FOR CONVERSION OF CATTLE—ISSUE AS TO OWNERSHIP—EXECUTION SALE—EVIDENCE—PROOF OF JUDGMENT IMMATERIAL TO PLAINTIFF.—In an action to recover the value of plaintiff's cattle for alleged conversion thereof by the defendant, where there was an issue as to ownership, and a plea of ownership in an execution debtor against whom the cattle were sold by defendant sheriff as his property, the fact that the judgment was not proved cannot be urged by plaintiff, such proof being immaterial as to him, since if he is the owner of the cattle, the admitted taking constitutes a conversion as against him, whether the property was regularly or irregularly taken.

ID.—EVIDENCE TENDING TO PROVE OWNERSHIP IN EXECUTION DEFENDANT—REBUTTAL—PREJUDICIAL ERROR.—Where there was evidence for the defendant sheriff tending to prove ownership in the execution debtor who was not called by the sheriff as a witness, it was prejudicial error requiring a reversal to refuse to permit such execution debtor to be called in rebuttal by the plaintiff to state whether he or the plaintiff owned the cattle in controversy.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

R. W. Miller, for Appellant.

Everts & Ewing, for Respondent.

BURNETT, J.—The action was brought to recover the value of a certain number of cattle alleged to have been the property of plaintiff and converted by defendant.

The cattle were taken by defendant, as sheriff of Fresno county, under a writ of attachment issued out of the superior court of said county in the case of *W. R. Smith et al.* v. *E. J. Burrell,* and they were afterward sold as the property of said E. J. Burrell under a writ of execution against the defendant in said cause.

Two issues are presented by the pleadings, to wit, the ownership of the property and the conversion of the same by defendant. The latter contends that the cattle belonged to E. J. Burrell and were legally sold under said writ of execution, while plaintiff insists not only that he is the owner of the property, but also that the record shows an irregularity in the sale, as no proof was made of the judgment upon which the execution was issued. But it is clear that the only controversy of importance here is as to the ownership of the property, because if it belonged to plaintiff the admitted taking by defendant was a conversion, and if plaintiff was not the owner, it is no concern of his whether the property was regularly or irregularly taken.

There is sufficient evidence disclosed by the record to justify the finding that the property belonged to said E. J. Burrell, but we cannot avoid the conclusion that the trial court committed prejudicial error in its ruling in relation to certain offered evidence directed to the issue of ownership. The said E. J. Burrell was called by plaintiff as a witness in rebuttal, and after stating that he was the party defendant in the suit of *Smith* v. *Burrell,* and that certain cattle were sold under an execution issued against him, he was asked this question: "Were the cattle levied upon by the execution and sold at the sheriff's sale, in the suit of *Smith et al.* v. *Burrell,* your cattle?" The court sustained an objection that "it was irrelevant, incompetent and immaterial, and not rebuttal testimony." In this we think the court erred. Plaintiff, in his case in chief, did not anticipate the defense, but offered evidence in support of the allegations of his complaint and rested. Defendant sought to justify his action upon the ground that the property belonged to E. J. Burrell, and introduced evidence to that effect. This was new matter brought out by the defendant, and while the effect of it was to disprove the ownership of plaintiff, it was directed to a specific affirmative fact which in rebuttal the plaintiff had a right to controvert, not simply to fortify his own allegation, but to overcome the showing made by defendant. E. J. Burrell was not called as a witness by defendant, but the whole defense rested upon the showing made that he was the owner, and no one was in as good a position to testify concerning this as himself. It may be that the answer would have been favorable to defendant,

9 Cal. App.—19

or, if unfavorable, that the court would have been entirely justified in disregarding it, but such considerations cannot excuse the ruling. Plaintiff had a right to have the question answered and the answer considered the same as though the issue had been tried by a jury.

We find no other prejudicial error, but, for the reason stated, the judgment and order are reversed.

Chipman, P. J., and Hart, J., concurred.