### In re JAMES HOLMES.

No. A-1102.   Opinion Filed April 25, 1911.

Petition for habeas corpus.   Writ denied and petitioner remanded.

Edward A. Wagner, for petitioner.
The Attorney General, A. F. Moss, and W. H. Zwick, for respondent.

PER CURIAM. James Holmes on April 20, 1911, filed in this court a petition for writ of habeas corpus, verified by his oath, which, omitting the formal parts, reads as follows:

"Petition.

"In re James Holmes, Petitioner.

"Your petitioner, James Holmes, represents and states to this Honorable court that he is restrained of his liberty and is unlawfully imprisoned and restrained in the county jail of the county of Okla-homa, at the city of Oklahoma City, state of Oklahoma, by Jack Spain, sheriff of the said Oklahoma county, state of Oklahoma.

"That the cause of said restraint and unlawful imprisonment, according to the best knowledge and belief of your petitioner, is his recommitment to the custody of the said sheriff of Oklahoma county, under and by reason of a record of conviction on April 6, 1911, by a trial jury in the district court of Oklahoma County which said jury after trial of your petitioner upon information charging him with the crime of murder upon said information, and after hearing the evidence submitted upon the part of the State of Oklahoma, and upon the part of your petitioner, and the law submitted by the said court pertaining to said crime and governing said jury in its consideration of said evidence, rendered its verdict of guilty as charged in said information and assessed the punishment therefor against your petitioner at death, which said information, verdict and assessment of punishment was and is wholly unwarranted in law, is without the jurisdiction of the said district court and was and is null, void and of no effect, for the reason that all process and proceedings thereon were in contravention of the Constitution and laws of the United States and were contrary to and in violation of the personal rights of your petitioner as a citizen of the United States.

"That the specific grounds upon which your petitioner bases his application for the granting of this writ by your honorable court are:

"1. That the information under which your petitioner was charged with the crime of murder, and under which he was held to answer for said crime of murder, was null, void, and of no effect for the reason that said crime is a capital or infamous crime and the said holding of your petitioner to answer therefor in the district court of Oklahoma county, in the state of Oklahoma, on information instead of on presentment or indictment of a grand jury, was in contravention of and repugnant to, the mandatory provision contained in the first declaration of Artic'e V of the Amendments of the Constitution of the United States.

"2. That section 17 of article II of the Constitution of the State of Oklahoma is null, void and of no effect, in so far as it conflicts with said declaration of Article V of the Amendments to the federal Constitution pertaining to the prosecution and punishment of any person charged with the crime of murder or with any other capital or infamous crime,. unless on presentment or indictment of a grand jury. and the said district court was without jurisdiction, therefore, to try this petitioner for the crime charged, except on such presentment or indictment.

"3. That the third paragraph of section 2268, in conjunction with section 2275 and 6715 of the Compiled Laws of Oklahoma, under which your petitioner was prosecuted and convicted of the crime charged in said information in said district court, are null, void and of no effect and said district court was without jurisdiction to

try your petitioner thereunder, ·for the reason that said laws or sections specified contravene the penal laws of the United States defining murder, and the penal laws of the United States prescribing the punishment therefor, by abridging a constitutional privilege or immunity of your petitioner accorded and guaranteed to him by the second declaration contained in section 1 of article XIV of the Amendments of the United States Constitution.

"Wherefore, your petitioner prays your honorable court to grant a writ of habeas corpus and that he be discharged without further delay from the unlawful imprisonment and punishment to which he is now subjected as aforesaid.        JAMES HOLMES, Petitioner."

On April 22nd the writ was allowed by Doyle, Judge, and made returnable April 25, 1911, before the court. At which time respondent appeared and produced the body of said petitioner in open court, and made return setting forth that the detention of said petitioner was by reason of the judgment and sentence of the district court of Oklahoma county. Which judgment and sentence was made a part of said return. After hearing the argument of counsel and being fully advised in the premises, it was then and there ordered and adjudged by the court that the writ of habeas corpus be discharged; that said prisoner be remanded to the custody of the respondent sheriff of Oklahoma county. The questions raised have been fully considered and determined by this court in the case of In re McNaught, 1 Okla. Cr. 528, 99 Pac. 211, and by the Supreme Court of this state in the case of Ex parte McNaught, 1 Okla. Cr. 260, 100 Pac. 27.